**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Zachary A. Myers
Assistant United States Attorney
zachary.myers@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4848
MAIN: 410-209-4800
FAX: 410-962-0716

September 7, 2018

Honorable Catherine C. Blake
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

***VIA ELECTRONIC FILING***

Re:   United States v. Adam R. Miller,
      Criminal No. CCB-18-0081 (D. Md.)

Dear Judge Blake:

In light of the Defendant's decision to plead guilty to all four counts of the indictment filed in the above-referenced case without the benefit of a plea agreement, this letter sets forth, as applicable, the penalties for the offenses to which the Defendant seeks to plead guilty. It also addresses a number of matters that the Government submits will be relevant to the Court's Rule 11 colloquy.

### Offenses of Conviction

1.   The Defendant has informed the Government that he intends to plead guilty to all four counts of the Indictment. Count One charges the Defendant with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). Counts Two and Three charge the Defendant with Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1).[1] Count Four charges the Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The Defendant has indicated that he admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offenses

2.   The elements of the offenses to which the Defendant has indicated he wishes to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Indictment, in the District of Maryland, the Defendant:

---

[1] There is a typographical error in the Indictment mis-citing the statutory subjection for Counts Two and Three, Transportation of Child Pornography. The correct citation is 18 U.S.C. § 2252(a)(1).

**Counts One through Three (Distribution and Transportation of Child Pornography)**

    a.    knowingly distributed or transported a visual depiction;

    b.    The depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

    c.    Producing the visual depiction involved using a minor engaged in sexually explicit conduct;

    d.    The depiction is of a minor engaged in sexually explicit conduct; and

    e.    The Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

**Count Four (Possession of Child Pornography)**

    a.    Knowingly possessed one or more matters which contained a visual depiction of a minor engaged in sexually explicit conduct;

    b.    The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct;

    c.    The Defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct;

    d.    The visual depiction was produced using materials which had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; and

    e.    The visual depiction involved a prepubescent minor or a minor who had not attained 12 years of age.

Penalties

3.    The maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

| CT. | STATUTE | MAND. MIN. IMPRISON- MENT | MAX IMPRISON- MENT | MAX SUPERVISED RELEASE | MAX FINE | SPECIAL ASSESSMENT |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 2252(a)(2) | 5 years | 20 years | Life (Mand. Min. 5 years) | $250,000 | $100 |
| 2-3 | 18 U.S.C. § 2252(a)(1) | 5 years | 20 years | Life (Mand. Min. 5 years) | $250,000 | $100 |
| 4 | 18 U.S.C. § 2252(a)(4)(B) | none | 20 years | Life (Mand. Min. 5 years) | $250,000 | $100 |

    a.    **Prison:** If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

    b.    **Supervised Release:** If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment up to the entire original term of supervised release if permitted by statute, followed by an additional term of supervised release.

    c.    **Restitution:** The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, 3664, and 2259.

    d.    **Payment:** If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

    e.    **Forfeiture:** The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

    f.    **Collection of Debts:** If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt.

    g.    **Sex Offender Registration:** As a consequence of the Defendant's conviction for the crimes to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

    h.    **Additional Special Assessment:** The Defendant must also pay an additional special assessment of $5,000 per count, unless the defendant is indigent, pursuant to 18 U.S.C. § 3014.

Waiver of Rights

4.    The Government submits that by pleading guilty, the Defendant surrenders certain rights as outlined below:

    a.    If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c.    If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront

and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

      d.      The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

      e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

      g.      If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

      h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. If the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status.

### Advisory Sentencing Guidelines Apply

5.      The Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

6.  Pursuant to his guilty plea, the Defendant has no assurance as to the guidelines applicable to the case. At trial, the Government would prove beyond a reasonable doubt the factual allegations contained in Attachment A, and will provide the Court with substantiation for the following applicable sentencing guidelines factors

### Group 1: Distribution and Transportation of Child Pornography

a.  **Base Offense Level:** The applicable base offense level is **level 22** pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§2G2.2(a)(2) because the defendant is pleading guilty to Distribution and Transportation of Child Pornography. The offenses charged in Counts One through Three group together, pursuant to U.S.S.G. §3D1.2.

b.  **Minors under Twelve:** Pursuant to U.S.S.G. §2G2.2(b)(2), there is a **2 level increase** because the depictions involved prepubescent children under the age of twelve.

c.  **Distribution:** Pursuant to U.S.S.G. §2G2.2(b)(3)(F), there is a **2 level increase** because the offense involved distribution other than distribution described in U.S.S.G. §2G2.2(b)(3)(A) through (E).

d.  **Sadistic or Masochistic Conduct:** Pursuant to U.S.S.G. §2G2.2(b)(4)(A), there is a **4 level increase** because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

e.  **Pattern of Exploitation:** Pursuant to U.S.S.G. §2G2.2(b)(5), there is a **5 level increase** because the Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.

f.  **Use of a Computer:** Pursuant to U.S.S.G. §2G2.2(b)(6), there is a **2 level increase** because the distribution involved the use of a computer.

g.  **More than 600 Images:** Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a **5 level increase** because the number of images involved in the offense and its relevant conduct is more than 600.

h.  **Subtotal for Group 1:** Thus, the offense level applicable to the Defendant's conduct charged in Counts One through Three of the Indictment is **42**.

### Group 2: Sexual Exploitation of Jane Doe

i.  **Base Offense Level:** Pursuant to U.S.S.G. §2G2.2(c) and 2G2.1(a), the base offense level for the conduct charged in Count Four of the Indictment is **level 32** because the charged conduct, as set forth in the Indictment and the government's factual basis, constitutes Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(a). This conduct is exempt from the grouping rules, pursuant to U.S.S.G. §3D1.2

j.  **Minor Under Sixteen:** Pursuant to U.S.S.G. §2G2.1(b)(1)(B), there is a **2 level increase** because Jane Doe was under the age of sixteen at some of the times the Defendant sexually exploited her.

k. **Sexual Act or Contact:** Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a **2 level increase** because the offense involved the commission of a sexual act or sexual contact.

l. **Distribution:** Pursuant to U.S.S.G. § 2G2.1(b)(3), there is a **2 level increase** because the Defendant knowingly engaged in distribution of sexually explicit images of Jane Doe.

m. **Subtotal for Group 2:** Thus, the offense level applicable to the Defendant's conduct charged in Count Four of the Indictment is **38**.

### Combined Offense Level

n. **Grouping:** Pursuant to U.S.S.G. §3D1.1(a), Group 1 has an adjusted offense level of **42** and Group 2 has an adjusted offense level of **38**. Thus, there is a **2 level increase** to the higher offense level, and the combined adjusted offense level is **44**.

o. **Repeat and Dangerous Sex Offender Against Minors:** There is a further **5 level increase**, pursuant to U.S.S.G. §4B1.5(b)(1), because the Defendant engaged in a pattern of activity involving prohibited sexual conduct. Thus, the Defendant's final adjusted offense level is **49**, prior to any adjustment for acceptance of responsibility.

p. **Acceptance of Responsibility:** This Office does not oppose a two-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Should the Defendant continue to accept responsibility, this Office intends to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's acceptance of personal responsibility for the Defendant's conduct. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit to a factual basis supporting his guilty plea; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of his guilty plea and the date of sentencing; or (vii) attempts to withdraw the plea of guilty.

7. The Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8. **Waiver of Appeal:** By pleading guilty, the defendant knowingly waives all rights, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal his conviction.

9. **Forfeiture:** As a result of his guilty plea, the defendant's interest in all property, real or personal, which constitutes, is derived from proceeds traceable to, or was involved in the offense shall be forfeited to the United States of America. This includes all digital media and devices seized by investigators on September 13, 2017:

a. Apple Macbook, model: 1278, sn: C1MQD6EZDTY3;

b.   Western Digital hard drive, 640GB, sn: WCAUF0679450;

c.   Apple iPhone 7, model: 1660, sn: F19TF2SWHX96;

d.   Apple iPhone 6S, model: 1688, sn: C8PR4RRRGRY9; and,

e.   Apple iPhone 4S, model: A1387, sn: C8PLQAKSFML4.

10.   **No Plea Agreement:** There is no plea agreement in this case, and there are no other agreements, promises, undertakings, or understandings between the Defendant and this Office.

Very truly yours,

Robert K. Hur
United States Attorney

By: _____/s/_____
Zachary A. Myers
Assistant United States Attorney

*Joseph Murtha*  9/10/18
*Adam Miller*  9/10/18

**ATTACHMENT A**
**GOVERNMENT'S FACTUAL STATEMENT**

*If this case had proceeded to trial, the government would have proven the following beyond a reasonable doubt. These facts do not encompass all of the evidence that would be presented at trial.*

The Defendant, Adam R. Miller, is a 30 year old man born in July 1989. At all relevant times, the Defendant resided in the basement of his parents' home in Baltimore, Maryland.

### Investigation of Kik Accounts by Canadian and US Authorities

In July 2017, Homeland Security Investigations-Baltimore received information from Canadian authorities regarding Kik user "amiller89" who was distributing visual depictions of minor engaged in sexually explicit conduct in Kik chatrooms. Canadian authorities learned about the account in the course of a larger investigation of child pornography trafficking by Kik users.

Canadian authorities obtained records from Kik showing that user "amiller89" distributed the following two video files to other Kik users on April 8, 2016:

- **1460131407220-619b685c-7481-42b6-808c-ad58d01410bd.mp4** – this video file is approximately one minute and 59 seconds long and depicts two naked prepubescent girls lying face up on top of one another with their legs spread. A male wearing blue shorts is standing between their legs and inserting his erect penis into their vaginas, going back and forth between the two girls.

- **1460131428320-6b682f5f-3233-45ab-984d-44458cf227c5.mp4** – this video is approximately one minute and 26 seconds long and depicts a prepubescent girl naked from the waist down sitting with her legs spread. There is a second minor girl sitting behind the prepubescent girl. The focus of the video is the prepubescent girl's genitalia. During the video, what appears to be an adult hand massages the prepubescent girl's genitalia and a small foot comes from behind the prepubescent girl and rests on her genitalia. The prepubescent girl then uses her fingers on her left hand to manipulate and penetrate her vagina.

Subscriber information for the IP addresses used to access the "amiller89" Kik account showed that the IP used to access the Kik account on April 16, 2017, was assigned to the Comcast account of the Defendant's father, at the Baltimore home where they resided.

### Execution of Search Warrant at Defendant's Residence and Interview of Defendant

On September 13, 2017, Homeland Security Investigations, the Baltimore County Police Department, and a detective from the Baltimore City Police Department executed a search and seizure warrant at the Defendant's Baltimore residence.

The Defendant waived his rights and engaged in a voluntary, recorded interview with law enforcement officers. The Defendant stated that his bedroom was in the basement and he possessed a number of electronic devices, including the iPhones and MacBook listed in the Indictment. The

Defendant admitted that "amiller89" was his Kik account, and that he used it to post links to his Dropbox account that contained over one hundred files of child pornography.

A search of the Defendant's Dropbox accounts revealed that they contained over 300 videos of minors engaged in sexually explicit conduct, including the files listed in the Indictment. The files stored his Dropbox accounts included:

- **(pthc) Kait (4yo) Suck & cum on face_X264.mp4:** a video that is approximately one minute and 10 seconds in length and depicts a prepubescent girl performing oral sex on an adult man. At the end of the video, the adult man ejaculates on the prepubescent female's face.
- **child pedo cp evergreen.mp4**: a video is approximately 2 minutes and 1 second long and depicts a naked prepubescent girl from the waist down. The upper part of the prepubescent girl's body is covered with a dark cloth. The words "Dark Members Area" is displayed at the bottom of the video throughout. In the beginning of the video, there are white straps tied around each of the prepubescent girl's ankles holding her legs apart. There is an erect penis penetrating the vagina and anus of the prepubescent girl. The man then uses his finger to digitally penetrate the prepubescent girl's vagina as his erect penis penetrates her anus. At the end of the video, the male ejaculates on the prepubescent girl's stomach.

Examination of the data stored on the Defendant's devices seized from the residence located hundreds of videos and images of minors engaged in sexually explicit activity, including an image of a prepubescent girl engaged in sexually explicit conduct and being subjected to sexual bondage.

### The Defendant's Sexual Exploitation of Jane Doe to Produce Child Pornography

During the interview, photographs of the Defendant and a young girl wearing braces were located in his bedroom. When asked about these items, the Defendant stated the girl was Jane Doe who was 17 years old at that time. The Defendant stated the two met when she was 14 years old. The Defendant stated since she turned 16 years old, they have engaged in sexually explicit conduct and exchanged sexually explicit pictures and videos to each other. The Defendant also admitted to taking sexually explicit videos and images of Jane Doe. The Defendant later admitted to engaging in sexually explicit conduct with Jane Doe when she was 15 years old, and producing videos and images of her engaging in sexually explicit conduct.

Examination of the Defendant's digital devices uncovered numerous videos and images of Jane Doe engaged in sexually explicit conduct, including with the Defendant. The videos and images were produced when Jane Doe was 15, 16, and 17 years old.

Examination of the Defendant's devices also revealed that on July 16, 2017, the Defendant used an encrypted chat application to communicate with another user. During those communications, the Defendant sent the other user three images of Jane Doe engaged in sexually explicit activity.

*[signatures]* 9/10/18
9/10/18

**Error! AutoText entry not defined.**